Argued and submitted June 19, affirmed December 26, 1991

Michael L. MULVAHILL,
*Appellant,*

*v.*

Michael HUDDLESTON
and Myra Huddleston et ux,
*Respondents.*

(89-CV-0065-MS; CA A65309)

822 P2d 754

Warren John West, Bend, argued the cause and filed the briefs for appellant.

Michael B. McCord, Bend, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Plaintiff appeals from the judgment entered on a jury verdict for defendants in this action for personal injuries that plaintiff suffered while performing work for defendants on their property. We affirm.

Defendants had originally pleaded the affirmative defense that plaintiff was a trespasser. Shortly before trial, however, they amended their answer to withdraw that defense and admitted that plaintiff was performing services for them at the time of the injury. Defendants then moved *in limine* to exclude their former pleading from evidence and to exclude a statement that defendant Michael Huddleston (Huddleston) had made to a workers' compensation official who was investigating the accident that he did not know plaintiff. The trial court excluded the evidence on the grounds that it could create confusion and undue delay.

Plaintiff assigns error to that ruling. He argues that the factual issues in the case turned on the testimony of the parties and that the excluded evidence would have enabled him to attack the credibility of Huddleston's testimony about the condition of the premises. He explains:

"In reviewing what credibility should be given to the testimony of the parties, a jury would naturally give considerable weight to each party's ability to observe the conditions in the area of the fall before and immediately after the fall itself. Defendants' previously-filed answer alleging that plaintiff was a trespasser and his prior inconsistent statement that he did not know of plaintiff before plaintiff's injuries would strongly discredit his trial testimony regarding his observations of the conditions in the area of the fall before the fall itself.

"Since defendant Michael Huddleston was admitting at trial that he had employed and knew plaintiff prior to the fall, it would suggest that as an employer he would have been able to fully observe the area and conditions of the job site when plaintiff was working there prior to the fall. If the jury knew that he was denying knowing of plaintiff prior to plaintiff's fall, they could either believe that he was lying regarding the conditions in the area of the fall or had not been present to observe plaintiff and the conditions in the area of the fall prior to the fall itself."

Defendants respond that the excluded evidence was not relevant to any issue in the case after they admitted that plaintiff was on the property to perform services. They contend that Huddleston's earlier denial that he knew plaintiff had nothing to do "with the condition of the premises at the time of the accident." Insofar as plaintiff sought to use the evidence to impeach Huddleston, defendants assert that it related to a collateral matter and was not admissible for impeachment under OEC 608(2).[1] Defendants also argue that the trial court acted within its discretion under OEC 403 in refusing to admit the evidence.

██ We agree. Plaintiff asserts that Huddleston's denial that he knew him was relevant, because it would have permitted one of two inferences: Huddleston was lying in his testimony about the conditions of the property or he had not observed the conditions before plaintiff was injured. However, we conclude that the evidence had little, if any, tendency to support those inferences and that the trial court acted within its discretion in excluding the evidence for the purposes for which plaintiff contends that it was relevant. To the extent that plaintiff sought to use the evidence for the broader purpose of attacking Huddleston's credibility generally, it was not admissible simply to show that he putatively had a tendency to be untruthful. *See* OEC 608(2).

Affirmed.

---

[1] OEC 608(2) provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in ORS 40.355, may not be proved by extrinsic evidence. Further, such specific instances of conduct may not, even if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness."